UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RYAN DASH,<br><br>      Plaintiff,<br><br>-against-<br><br>RIKERS ISLAND DOC; BOB BARKER COMPANY INC.,<br><br>      Defendants. | 25-CV-7063 (LLS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LOUIS L. STANTON, United States District Judge:

  Plaintiff, who currently is detained at the Otis Bantum Correctional Center ("OBCC") on Rikers Island, brings this action, *pro se*, under 42 U.S.C. § 1983, challenging his conditions of confinement at OBCC.[1] By order dated October 21, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

  The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

---

[1] Plaintiff brought this action along with 18 other plaintiffs. By order dated August 26, 2025, Chief Judge Laura Taylor Swain severed the claims of all plaintiffs and directed the Clerk of Court to open new civil actions for each of the 18 other plaintiffs. (ECF 2.) Plaintiff Ryan Dash is the sole plaintiff in this action. By order dated September 5, 2025, the Chief Judge Swain directed Plaintiff to pay the $405.00 in fees to bring this action or submit an application to proceed in forma pauperis and a prisoner authorization. (ECF 4.) The court received Plaintiff's IFP application and prisoner authorization on September 22, 2025.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff brings this action alleging that the quality of the mattresses provided by DOC at OBCC violate his federal constitutional rights. The following facts are drawn from the complaint.[3] On April 19, 2025, Plaintiff started having back pain and spasms in his lower back. Plaintiff had "been complaining about this problem to DOC's heads from captain to deputy's to nurses." (ECF 1, at 5.) It was "brought to [Plaintiff's] attention that it "could've been the mattress [he] was sleeping on." (*Id.*) Plaintiff asked around his housing unit and discovered that other detainees were also having back problems.

Plaintiff discovered a tag on his mattress from the manufacturer stating that the mattresses are "not intended for a foundation," which Plaintiff understand to mean that "they are meant to be put on the floor not bed frames or makeshift bed frames made of concrete." (*Id.*)

Plaintiff seeks compensation for pain and emotional suffering.

**DISCUSSION**

**A.    Claims against Bob Barker Company, Inc.**

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendant Bob Baker Company, Inc. is a private party that is not alleged to work for any state or

---

[3] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

other government body, it may not be held liable under Section 1983. *See Rodriguez v. City of New York*, No. 14-CV-5172, 2014 WL 4629034, at *2 (E.D.N.Y. Sept. 12, 2014) (holding that Bob Baker Company is not a state actor for Section 1983 purposes); *Walker v. Schriro*, No. 11-CV-9299 (JPO), 2013 WL 1234930, at *16 (S.D.N.Y. Mar. 26, 2013) (holding that, despite providing supplies to a prison, "Barker could not plausibly be described as one of the officials acting under color of law 'who caused the harm' or did so with the requisite state of mind—namely, deliberate indifference"). The Court therefore dismisses Plaintiff's Section 1983 claims against Bob Baker Company, Inc. for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Claims against "Rikers Island DOC"**

To the extent Plaintiff seeks to assert Section 1983 claims against Rikers Island, those claims must be dismissed because Rikers Island – a land mass in the East River – is a not a "person" under Section 1983. The Court therefore dismisses any Section 1983 claims Plaintiff seeks to assert against Rikers Island for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent Plaintiff seeks to sue the New York City Department of Correction ("DOC"), the agency that operates the detention facilities on Rikers Island, those claims must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

Because the Court finds, for the reasons stated below, that Plaintiff has failed to state a viable federal claim, the Court declines to construe the complaint as asserting claims against the City of New York. If Plaintiff wishes to being claims against the City of New York in an amended complaint, he must allege facts showing that the City has a policy, practice, or custom that caused a violation of his federal constitutional rights.[4] *See Connick v. Thompson,* 563 U.S. 51, 60 (2011); *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012).

C. **Conditions of confinement claim**

The Court construes the complaint as asserting a conditions of confinement claim because Plaintiff alleges that his mattress, issued by DOC, caused him to experience back pain. Because Plaintiff was in pretrial detention at the time the events underlying this claim occurred, his claim arises under the Fourteenth Amendment's Due Process Clause. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (noting that where an individual is in pretrial detention, the Fourteenth Amendment applies).

To state a conditions of confinement claim under the Fourteenth Amendment, a prisoner must satisfy two elements: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious to pose an unreasonable risk to her health or safety, and (2) a "mental" element, which requires a showing that a correction official acted with at least

---

[4] A plaintiff may satisfy the policy or custom requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (citations omitted).

5

deliberate indifference to the challenged conditions. *See id.* at 29-33. A plaintiff satisfies the objective element of a conditions of confinement claim by "'show[ing] that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to [her] health'" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)).

To satisfy the subjective element, a plaintiff must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35.

To state a conditions of confinement claim regarding the issuance of a mattress, a plaintiff must allege facts suggesting that "'the plaintiff had a medical condition requiring a non-standard bed to protect against serious damage to his future health' or 'that the medical condition was itself created by an inadequate bed or mattress.'" *Patterson v. Ponte*, No. 16-CV-3156 (PAE) (JCF), 2017 WL 1194489, at *6 (S.D.N.Y. March 30, 2017) (quoting *Youmans v. Schriro*, No. 12-CV-3690 (PAE) (JCF), 2013 WL 6284422, at *5 (S.D.N.Y. Dec. 3, 2013), *report and recommendation adopted*, 2017 WL 1405753 (S.D.N.Y. Apr. 17, 2017). "Simply alleging that a mattress is uncomfortable is insufficient to 'show that the conditions . . . pose an unreasonable risk of serious damage to [the plaintiff's] health.'" *White v. Schriro*, No. 16-CV-6769 (PAE) (JCF), 2017 WL 3268202, at *3 (S.D.N.Y. July 31, 2017) (quoting *Walker*, 717 F.3d at 125).

Here, Plaintiff does not state facts satisfying either element of a conditions of confinement claim. First, Plaintiff states only that he suffers from back pain and spasms, not that

this condition is serious enough that it requires medical attention. While Plaintiff alleges that "nurses" are among those he "complained" to about his back problems (ECF 1, at 5), he does not allege that he sought any medical care to treat his condition. Nor does he allege sufficient facts to suggest that his back pain was created by the mattress. *See Patterson*, 2017 WL 1194489, at *7 (holding that plaintiff's "naked assertions" that the mattress is "unfit for human usage, and causes extreme hip, back, and leg pain" were insufficient to "provide the factual detail necessary to allege plausibly that [he] suffered the injuries as a result of the bed" (internal quotation marks and citation omitted)).

Second, Plaintiff does not allege facts suggesting that correctional staff knew, or should have known, of an excessive risk to his health or safety and disregarded that risk. While Plaintiff "complained" to various DOC employees about his back pain, he does not allege any facts suggesting that any of these individuals were aware or should have been aware of an excessive risk to his health and safety, but ignored the risk posed by continuing to allow him to use the DOC-issued mattress.[5] For these reasons, the Court finds that Plaintiff fails to state a conditions of confinement claim and dismisses the claim for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint to allege any facts in support of his conditions of confinement claim that correctional staff violated his constitutional rights in connection with his DOC-issued mattress. Plaintiff should name as a defendant in the amended complaint any individual DOC staff that he believes violated his rights. If he seeks to assert a Section 1983 claim against the City of New York, he

---

[5] Plaintiff alleges that the tag attached to his mattress indicates the mattress should be used without a foundation. A court has explained that such a tag warning on mattresses "relates to fire safety, not to chiropractic health." *Youmans*, 2013 WL 6284422, at *2.

must allege facts demonstrating that the City of New York has a policy, custom, or practice that caused a violation of his constitutional rights. *See Connick*, 563 U.S. at 60; *Jones*, 691 F.3d at 80.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid conditions of confinement claim under Section 1983, the Court grants Plaintiff 30 days' leave to amend his complaint to cure the deficiencies identified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   November 10, 2025
         New York, New York

                                              _____/s/ Louis L. Stanton_____
                                                      LOUIS L. STANTON
                                                           U.S.D.J.